DONALD L. CORBIN, Justice, dissenting. I do not agree with the majority’s conclusion that an attorney who has failed to timely pay the annual fee required to maintain his attorney’s license is an eligible candidate for circuit judge in this state under amendment 11fi80, § 16(B) to the Arkansas Constitution. Accordingly, for the reasons stated in my dissent in Kelly v. Martin, 2014 Ark. 217, 433 S.W.3d 896, I dissent from the majority’s conclusion that Appellee H.G. Foster is an eligible candidate for circuit judge. I also dissent from the majority’s declaration that “Rule VII(C) is unconstitutional to the extent that it provides for an automatic suspension of a lawyer’s license without procedural due process.” This declaration of constitutional infirmness is wholly unnecessary for several reasons; I briefly touch on three of them. First, given the majority’s conclusion that Foster’s eligibility to hold judicial office is not affected by operation or application of Rule VII(C), Foster has suffered no injury and therefore has no standing to raise a constitutional challenge to Rule VII(C). The general rule is that one must have suffered injury or belong to that class that is prejudiced in order to have standing to challenge the constitutional validity of a law. Tsann Kuen Enters. Co. v. Campbell, 355 Ark. 110, 129 S.W.3d 822 (2003). The majority’s application of Rule VII(C) has not injured Foster in any way. Furthermore, a person to whom a statute or rule has been constitutionally applied may not mount a facial challenge on the ground that the statute or rule may conceivably be applied unconstitutionally to others in situations not presently before the court. Ralph Loyd Martin Revocable Trust v. Ark. Midstream Gas Sens. Corp., 2010 Ark. 480, 377 S.W.3d 251. Both the circuit court and the majority of this court based their decisions to declare Rule VII(C) unconstitutional on hypothetical or theoretical situations in which a mistake may have possibly occurred in either the receipt or the posting of the license fee. But Foster does not allege that his delinquency was the result of any mistake; in fact, he | redoes not dispute that he was delinquent on the dates so found by the circuit court. In short, Foster has no injury and no standing to mount either an as-applied or a facial challenge to Rule VII(C). Second, disregarding for the moment Foster’s lack of standing, the analysis of both the majority opinion and the circuit court’s order overlooks an essential point about the interest at stake here. Remember, this case is a pre-election challenge to Foster’s eligibility as a candidate for circuit judge. This court has previously recognized that “ ‘[t]he right to become a candidate for state office, like the right to vote for the election of state officers, is a right or privilege of state citizenship, not of national citizenship which alone is protected by the privileges and immunities clause.’” Coffelt v. Bryant, 238 Ark. 363, 371, 381 S.W.2d 731, 735 (1964) (citations omitted) (quoting Snowden v. Hughes, 321 U.S. 1, 7, 64 S.Ct. 397, 88 L.Ed. 497 (1944)). Even “an unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause.” Snowden, 321 U.S. at 7, 64 S.Ct. 397. Thus, if Foster’s right to political office warrants any due-process protection at all, it must be found in the Arkansas Constitution. But here, neither the majority nor the circuit court considered whether Foster’s right to run for or hold public office is a protected right or privilege under the Arkansas Constitution, or even, for that matter, under the Fourteenth Amendment to the United States Constitution. Rather, the majority and the circuit court considered the only interest at stake here to be Foster’s right or privilege to practice law. Neither Chandler nor Foster complains in this lawsuit that Foster’s right or privilege to practice law has been wrongfully deprived. |17Third, again ignoring for the sake of argument Foster’s lack of a protected interest and lack of standing to raise a constitutional attack on Rule VII(C), contrary to the majority’s assertion otherwise, pre-deprivation notice and opportunity for a hearing are not always essential components of due-process protection. This court has recognized that prompt post-deprivation review to correct administrative error can satisfy minimal due-process concerns, especially in cases where summary suspensions of a license have occurred. See, e.g., Miller v. Ark. Dep’t of Fin. & Admin., 2012 Ark. 165, at 12, 401 S.W.3d 466, 472-73 (quoting Mackey v. Montrym, 443 U.S. 1, 13, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979) (“ ‘[Something less than an evidentiary hearing is sufficient prior to adverse administrative action’ as long as there is prompt post-deprivation review available for correction of administrative error.”)). The majority fails to recognize Rule VII(C) provides for post-deprivation notice of, and remedy for, delinquencies and, without conducting the requisite balancing-of-interests analysis, erroneously concludes that pre-deprivation process is due here. The majority opinion declares the Rule unconstitutional even though there is no injury and no standing to challenge the Rule. The effect of the majority’s opinion here is to eliminate the requirement that a person have an injury or standing to mount either a facial or as-applied challenge to a statute or rule. On this basis, I strongly dissent from the majority’s wholly unnecessary declaration that Rule YII(C) is unconstitutional. Because Foster has no standing to raise the due-process challenge to Rule VII(C), it is wholly unnecessary for the majority opinion to address the challenge raised in Foster’s third-party complaint. I would reverse the circuit court’s order declaring the Rule to be | ^unconstitutional, and I would vacate the injunction on Steen’s enforcement of the Rule.